UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MIMEDX GROUP, INC, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | NO. 1:14–CV–00464–LY |
| | § | JURY TRIAL DEMANDED |
| TISSUE TRANSPLANT TECHNOLOGY | § | |
| LTD. d/b/a BONE BANK ALLOGRAFTS, | § | |
| & TEXAS HUMAN BIOLOGICS, LTD., | § | |
|     *Defendants*. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE**

Defendants submit this Reply in Support of Defendants' Motion to Transfer Venue.[1]

## I. INTRODUCTION

Defendants submitted facts and argument that four of the § 1404(a) factors identify San Antonio as the more convenient forum with no factors supporting Austin. Plaintiff concedes Defendants' position through failure to identify a *single* § 1404(a) factor that showed Austin as a more convenient forum other than Plaintiff's choice of forum. Defendants have met its burden showing San Antonio as the clearly more convenient venue. Defendants' Motion to Transfer Venue should be granted.

## II. ARGUMENTS

### A. Plaintiff's Choice of Forum is Not a Valid Reason to Deny Transfer

Plaintiff's only argument for keeping venue in Austin is based is its claim that "Plaintiff's choice of forum … is to be given deference."[2] This position is contrary to the Fifth Circuit's *en banc* holding that a plaintiff's forum selection is *not* an independent factor in determining a

---

[1] Docket No. 19.
[2] Docket No. 20, at 7.

motion to transfer under § 1404(a).[3]   The Fifth Circuit explained how the plaintiff's choice of venue is to factor into the analysis:

> [W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.[4]

The Court need only decide if Defendants' arguments and evidence clearly show the San Antonio Division to be more convenient.  Defendants have presented argument and evidence that four of the eight factors show San Antonio as the more convenient venue:

| Factor | More Convenient Venue |
|---|---|
| Relative ease of access to sources of proof | San Antonio Division |
| Availability of compulsory process to secure the attendance of witnesses | Neutral |
| Cost of attendance for willing witnesses | San Antonio Division |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | San Antonio Division |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest in having localized interests decided at home | San Antonio Division |
| Familiarity of the forum with the law that will govern the case | Neutral |
| Avoidance of unnecessary problems of conflict of laws or in the application of foreign law | Neutral |

**B.    Plaintiff's Failure to Argue any Connection to Austin Requires Transfer Under the Fifth Circuit's Recent Decision of *In Re Radmax***

The Fifth Circuit recently held it is "inadvisab[le] [to] deny[] transfer where only the

---

[3] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).
[4] *Id.*

plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case—here, indeed all of those events, facts, witnesses, and other sources of proof—are in the transferee forum."[5] Defendants presented facts and arguments identifying San Antonio as the more convenient forum for four of the § 1404(a) factors.  In contrast, Plaintiff failed to identify a *single* reason as to 1) why the San Antonio Division is inconvenient or 2) why the Austin Division is more convenient.  Plaintiff's only argument was its choice of where to file the lawsuit which is insufficient to rebut the good cause shown by Defendants.

Defendants' argument concerning the local interest factor is reason enough to support transfer.  The Court in *In re Radmax*, after the plaintiff failed to establish any connections to the Marshall Division, emphatically held the "local interest factor weighs solidly in favor of transfer" and transferred the case to the Tyler Division.[6]  The Fifth Circuit transferred the case even though Tyler is well within 100 miles of Marshall.[7]

Furthermore, Plaintiff concedes Defendants' employees reside in San Antonio.  It is implicit in this concession that San Antonio is a more convenient forum for those witnesses.  Thus, the combination of Plaintiff's concession, and failure to argue that San Antonio would be inconvenient for the Plaintiff, transfer is favored.[8]

### C. Plaintiff's Attempt to Improperly Increase the Defendants' Burden for Intra-District Transfer is an Effort to Cover-Up Plaintiff's Failure to Present a Single Argument or Fact Identifying Austin as a More Convenient Venue

Plaintiff, realizing it has no facts or arguments to claim Austin is a more convenient venue than San Antonio, attempts to improperly increase Defendants' burden to establish good

---

[5] *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013).
[6] *Id.* at 289.
[7] *Id.*
[8] *In re Volkswagen of Am., Inc.*, 545 F.3d at 317.

cause for intra-district transfer. Plaintiff's assertion is not supported by the Fifth Circuit[9] and is expressly rejected in numerous recent decisions of Judge Costa in the Southern District of Texas.[10] Simply put, the standard for intra-district transfer and inter-district is the same.[11]

In a further effort to cover up for Plaintiff's lack of basis for venue in Austin, Plaintiff claims Defendants' Motion to Transfer Venue is "virtually identical"[12] to a 2010 decision in the Austin Division. Plaintiff's reliance on *ADS Security L.P. v. Advanced Detection Security Services, Inc.* is misplaced given the defendant's failure to "address the majority of the private and public factors"[13] set forth in *In re Volkswagen*.[14] In *ADS Security*, decided before the Fifth Circuit's decision *In Re Radmax*, Magistrate Judge Austin denied transfer because the defendant failed to submit enough argument to defend transfer.

Defendants in the present case addressed each *In re Volkswagen* factor and showed four factors clearly identified San Antonio as the more convenient venue. Defendants found no factors supported the Austin Division as being more convenient, a fact Plaintiff has conceded. Furthermore, Plaintiff conceded Defendants' witnesses reside in San Antonio and failed to identify any local interest for this lawsuit in Austin. The trend in the Fifth Circuit is to reject a Plaintiff's efforts to file a case in a location that has no ties to the subject matter of the lawsuit. This trend is now extending to the transfer of cases even if they are located within 100 miles of

---

[9] *In re Radmax, Ltd.*, 720 F.3d at 288-89 ("We need not announce a general standard governing intra-district transfers in all situations..."). The Court also notes "[a] leading treatise takes the position, however, that 'the traditional deference given to plaintiff's choice of forum … is less' for 'intra-district transfers.'" *Id.* at 289(citing 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.21[2], at 111–155.).
[10] *TechRadium Inc. v. FirstCall Network, Inc.*, 3:13-CV-78, 2013 WL 4511326, at *2 (S.D. Tex. Aug. 23, 2013); *Hebert v. Wade*, 3:13-CV-00076, 2013 WL 5551037, at *2 n.2 (S.D. Tex. Oct. 7, 2013); *Perry v. Autocraft Investments, Inc.*, 4:13-CV-01959, 2013 WL 3338580, at *2 n.2 (S.D. Tex. July 2, 2013).
[11] *Perry*, 2013 WL 3338580, at *2 n.2.
[12] Docket No. 20, at 1.
[13] *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, A-09-CA-773-LY, 2010 WL 1170976, at *2 (W.D. Tex. Mar. 23, 2010).
[14] *In re Volkswagen of Am., Inc.*, 545 F.3d at 315.

each other.[15]

### III.   CONCLUSION

Defendants have met their burden of showing San Antonio is clearly the more convenient venue.  In part, because Defendants established facts in line with the Fifth Circuit's recent approval of intra-district transfers and, in part, because Plaintiff failed to identify a single connection to Austin, let alone a fact that Austin is a more convenient venue than San Antonio. Defendants respectfully request the Court transfer the case to the San Antonio Division.

Respectfully submitted,

GUNN, LEE & CAVE, P.C.

  /s/  Jason E. McKinnie
        Robert L. McRae
            Texas Bar No. 24046410
        Jason E. McKinnie
            Texas Bar No. 24070247
        A. Jabbar Fahim
            Texas Bar No. 24084183
300 Convent St., Suite 1080
San Antonio, TX  78205
(210) 886-9500 (Voice)
(210) 886-9883 (Fax)
robert.mcrae@gunn-lee.com
jason.mckinnie@gunn-lee.com
jabbar.fahim@gunn-lee.com

ATTORNEYS FOR DEFENDANTS TISSUE TRANSPLANT TECHNOLOGY, LTD. AND HUMAN BIOLOGICS OF TEXAS, LTD.

---

[15] *In re Radmax, Ltd.*, 720 F.3d at 289; *TechRadium Inc.*, 2013 WL 4511326; *Hebert*, 2013 WL 5551037; *Perry*, 2013 WL 3338580

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Dwayne C. Norton
ALSTON & BIRD LLP
2828 N. Harwood Street, Suite 1800
Dallas, TX 75201-2139
dwayne.norton@alston.com

Deepro R. Mukerjee
Thomas J. Parker
Poopak Banky
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
deepro.mukerjee@alston.com
thomas.parker@alston.com
paki.banky@alston.com

*/s/* Jason E. McKinnie
Jason E. McKinnie