UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| MIMEDX GROUP, INC.<br><br>Plaintiff, Counterclaim-Defendant<br><br>v.<br><br>TISSUE TRANSPLANT TECHNOLOGY LTD. d/b/a BONE BANK ALLOGRAFTS, & TEXAS HUMAN BIOLOGICS, LTD.,<br><br>Defendants, Counterclaim-Plaintiffs. | Civil Action No.<br>1:14-cv-00464-LY<br><br>JURY TRIAL DEMANDED |

**MIMEDX'S ANSWER TO THE COUNTERCLAIMS OF DEFENDANTS**

Plaintiff/Counterclaim Defendant MiMedx Group, Inc. ("Plaintiff" or "MiMedx") answers the Counterclaims of Defendant/Counterclaim Plaintiff Tissue Transplant Technology Ltd. d/b/a Bone Bank Allografts, & Texas Human Biologics, Ltd. ("Bone Bank", "THB", collectively "Tissue Transplant") ("Counterclaims" or "Defendants") as follows:

**NATURE AND BASIS OF ACTION**

1.      Paragraph 1 contains legal conclusions to which no answer is required. To the extent an answer is required, MiMedx admits that Defendants' Counterclaims purport to state an action for declaratory judgment for non-

infringement and invalidity with respect to U.S. Pat. No. 8,597,687 ("the '687 patent") and U.S. Pat. No. 8,709,494 ("the '494 patent").

## PARTIES

2.      Upon information and belief, and based on Defendants' allegations, MiMedx admits the allegations of Paragraph 2 of the Counterclaims.

3.      Upon information and belief, and based on Defendants' allegations, MiMedx admits the allegations of Paragraph 3 of the Counterclaims.

4.      MiMedx admits the allegations of Paragraph 4 of the Counterclaims.

## JURISDICTION AND VENUE

5.      MiMedx admits that Defendants' counterclaims purport to arise under 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.  MiMedx also admits, for the purposes of the Counterclaims addressed herein only, that the Court has personal jurisdiction over the counterclaims asserted against MiMedx.  MiMedx denies the remaining allegations in Paragraph 5 of the Counterclaims.

6.      MiMedx admits that venue is proper in this District.  MiMedx otherwise denies the remaining allegations of Paragraph 6 of the Counterclaims, and specifically denies that the San Antonio Division of the Western District of Texas is more convenient.

## BACKGROUND

7.      MiMedx admits that MiMedx has asserted in the Amended Complaint that Defendants previously and are currently infringing to '687 and '494 patents through the manufacture, use, selling, and/or offering for sale of the SteriShield I and II products.

8.      MiMedx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Counterclaims.   MiMedx therefore denies the allegation in Paragraph 8.

9.      MiMedx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Counterclaims.   MiMedx therefore denies the allegations in Paragraph 9.

10.      MiMedx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Counterclaims.   MiMedx therefore denies the allegations in Paragraph 10.

11.      MiMedx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Counterclaims.   MiMedx therefore denies the allegations in Paragraph 11.

12.      MiMedx admits that Adam McQueen is an employee of MiMedx. MiMedx otherwise denies the remaining allegations in Paragraph 12.

13.    MiMedx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Counterclaims.   MiMedx therefore denies the allegations in Paragraph 13.

14.    Paragraph 14 contains legal conclusions to which no answer is required.  To the extent an answer is required, MiMedx admits the allegations of Paragraph 14 of the Counterclaims.

15.    Paragraph 15 contains legal conclusions to which no answer is required.  To the extent an answer is required, MiMedx denies the allegations of Paragraph 15 of the Counterclaims.

16.    Paragraph 16 of the Counterclaims contains legal conclusions to which no answer is required.  To the extent an answer is required, MiMedx denies the allegations in Paragraph 16 of the Counterclaims.

17.    Paragraph 17 of the Counterclaims contains legal conclusions to which no answer is required.  To the extent an answer is required, MiMedx denies the allegations in Paragraph 17 of the Counterclaims.

## ANSWER TO FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

18.    MiMedx admits that there is an actual controversy between the parties regarding the alleged infringement of the '687 patent.  MiMedx denies the remaining allegations of Paragraph 18 of the Counterclaims.

19.    MiMedx denies the allegations of Paragraph 19 of the Counterclaims.

20.    MiMedx admits that there is an actual controversy between the parties regarding the alleged infringement of the '494 patent.  MiMedx denies the remaining allegations of Paragraph 20 of the Counterclaims.

21.    MiMedx denies the allegations of Paragraph 21 of the Counterclaims.

22.    MiMedx denies that Defendants are entitled to the judicial declaration they seek and deny the remaining allegations of Paragraph 22 of the Counterclaims.

## ANSWER TO SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY)

23.    MiMedx admits that there is an actual controversy between the parties regarding the validity of the '687 patent.  MiMedx denies the remaining allegations of Paragraph 23.

24.     MiMedx admits that there is an actual controversy between the parties regarding the validity of the '494 patent.  MiMedx denies the remaining allegations of Paragraph 24.

25.     MiMedx denies that Defendants are entitled to the judicial declaration they seek and deny the remaining allegations of Paragraph 25 of the Counterclaims.

## GENERAL DENIAL

Except as expressly admitted in paragraphs 1-25 above, MiMedx denies each and every allegation of Defendants' Counterclaims, including, without limitation, the headings and subheadings contained in the Counterclaims. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations contained in the Counterclaims to which no responsive pleading is required and allegations for which MiMedx lacks knowledge or information sufficient to form a belief about the truth of the allegation shall be deemed denied. MiMedx expressly reserves the right to amend and/or supplement its answer.

## JURY DEMAND

MiMedx hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## ANSWER TO DEFENDANTS' PRAYER FOR RELIEF

MiMedx denies that Defendants are entitled to the relief they seek in Paragraphs A-H of its Prayer for Relief.

Dated: August 4, 2014                    Respectfully submitted,

*/s/ Dwayne C. Norton*
Dwayne C. Norton (Bar No. 24076139)
ALSTON & BIRD LLP
2828 North Harwood Street, Suite 1800
Dallas, TX 75201-2139
Tel:  (214) 922-3400
Fax: (214) 922-3899
Email:  Dwayne.norton@alston.com

*Of Counsel:*
Deepro R. Mukerjee
   *(pro hac vice)*
New York Bar No. 4046157
Thomas J. Parker
   *(pro hac vice)*
New York Bar No. 2499846
Poopak Banky
   *(pro hac vice)*
New York Bar No. 4683231
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9400
Fax: (212) 210-9444
Email:  deepro.mukerjee@alston.com
Email:  thomas.parker@alston.com
Email:  paki.banky@alston.com

*Attorneys for Plaintiff MiMedx Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2014, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.


*<u>/s/ Dwayne C. Norton</u>*
Dwayne C. Norton