IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 AUG 12 AM 11:16
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| MIMEDX GROUP, INC., | § | |
|    PLAINTIFF AND COUNTER- | § | |
|    DEFENDANT, | § | |
| | § | |
| V. | § | |
| | § | CAUSE NO. 1:14-CV-464-LY |
| TEXAS HUMAN BIOLOGICS, LTD. | § | |
| AND TISSUE TRANSPLANT | § | |
| TECHNOLOGY, LTD. A/K/A BONE | § | |
| BANK ALLOGRAFTS, | § | |
|    DEFENDANTS AND COUNTER- | § | |
|    PLAINTIFFS. | § | |

## ORDER

Before the court in the above-styled and numbered cause is Defendants' Opposed Motion to Transfer Venue filed July 10, 2014 (Clerk's Doc. No. 19), Plaintiff's Opposition to Defendants' Motion to Transfer Venue filed July 21, 2014 (Clerk's Doc. No. 20), and Defendants' Reply in Support of their Motion to Transfer Venue filed July 25, 2014 (Clerk's Doc. No. 22). Defendants Tissue Transplant Technology, Ltd. and Texas Human Biologics (collectively "Defendants") seek an intra-district transfer of this patent infringement case to the San Antonio division of the Western District of Texas. For the reasons discussed below, the court will grant the motion.

A district court may transfer any civil action to any other district or division where it might have otherwise been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Section 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). A motion to transfer venue pursuant to Section 1404(a) should be granted if

> the movant demonstrates that the transferee venue is clearly more convenient, taking into consideration (1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* (internal quotations and citations omitted).

The preliminary question under Section 1404(a) is whether a civil action "might have been brought" in the destination venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). In this case, Defendants are both located and headquartered in San Antonio, Texas. Although they serve a nationwide market, Defendants' manufacturing and business activity are centered in San Antonio. Because it is undisputed that venue is proper in the Western District of Texas, Plaintiff Mimedx Group, Inc ("Mimedx") could have properly filed the present lawsuit in the San Antonio division. Therefore, this court must decide only whether Defendants have shown good cause to transfer this case to the San Antonio division. *Id.* at 315 n.10 ("Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer."). In other words, Defendants must "clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Id.* at 315.

Defendants concede that four of the eight factors – availability of compulsory process (factor 2), court congestion (factor 5), familiarity with governing law (factor 7), and avoidance of conflict of law issues (factor 8) – favor neither the San Antonio nor Austin divisions in the Section 1404(a) analysis. The remaining four factors, Defendants argue, weigh in factor of San Antonio being a more convenient venue and justify a transfer. Mimedx disagrees and argues that Defendants have not met their burden to overcome the deference due Mimedx's choice of venue.

2

### A. Relative Ease of Access to Sources of Proof

Defendants argue, without contradiction, that the majority of relevant evidence and witnesses related to the alleged patent infringement are located in San Antonio. However, Mimedx counters that the roughly 80 mile travel distance between San Antonio and Austin is not a significant enough inconvenience to justify transfer. Further, Mimedx contends that modern methods of electronic bookkeeping and information storage renders Defendants' position weaker still. The court disagrees. In patent infringement cases, "the bulk of the relevant evidence usually comes from the accused infringer . . . . [c]onsequently, the place where the defendant's documents are kept weights in favor of transfer to that location." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). Furthermore, the relevant standard of inquiry is the *relative* ease of access to sources of proof. It is undeniable that access to sources of proof is relatively more facile in San Antonio as compared to Austin. Although the absolute distance of 80 miles is not insurmountable, given frequent heavy traffic conditions between the two metropolitan areas, the court concludes that this factor weighs in favor of a transfer to San Antonio.

### B. Cost of Attendance for Willing Witnesses

Closely tied to the previous factor, Defendants argue that travel to the Austin division would result in increased cost and inconvenience for party witnesses. Mimedx argues that this factor is concerned primarily with non-party rather than party witnesses and stresses that Defendants only highlight the increased cost for party witnesses. Although the cost impact on non-party witnesses is of high priority in a court's analysis, the court also appropriately considers the cost of attendance of *all* willing witnesses. Because there is no suggestion of reliance on non-party witnesses in this case, the court only considers the cost of attendance for party witnesses, most of which are in San

Antonio. It is beyond question that, for witnesses local to the San Antonio metropolitan area, traveling to Austin imposes a higher cost burden and increases the cost of litigation. Therefore, the court concludes that this factor weighs in favor of a transfer to San Antonio.

## C. Practical Problems that Make Trial Easy, Expeditious, and Inexpensive

This factor also weighs in favor of transferring venue to San Antonio. Having been filed in May 2014, this case is at the earliest stages, and the court has not yet entered a scheduling order. Mimedx points out that the delay in trial would be less if Defendants' motion were denied. The court agrees; however, at worst, the expeditiousness of the ultimate resolution of this case is likely to be minimally affected by a transfer. Moreover, it is reasonable to conclude that the added convenience of a trial proceeding in San Antonio may lead the parties to a quicker resolution. Further, the distance considerations discussed above, when viewed alongside the course of a typical patent litigation, results in Austin, for all practical purposes, likely being the more expensive and least "easy" trial venue for Defendants. Mimedx does not present facts that would indicate otherwise.

## D. Local Interest

Defendants argue that the San Antonio area public has more interest and connection to the outcome of this suit than the public of Austin because of the Defendant companies' presence in the community. Mimedx asserts that this factor is neutral due to the close proximity of the two divisions and should be afforded little weight. The court concludes that this factor, however slightly, favors the transfer as well. Defendants and their employees are local to the San Antonio area. The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests. While this factor is not dispositive, it does militate toward a transfer to the San Antonio division.

## Conclusion

Mimedx has not directed the court to any relevant factors in the Section 1404(a) analysis which favor Austin as a preferable venue, other than its choice to file the lawsuit here. By contrast, Defendants have shown that four of the factors are arguably neutral and four of the factors favor the transfer. This court is "fully aware of the inadvisability of denying transfer where only the plaintiff's choice [of forum] weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case—here, indeed all of those events, facts, witnesses, and other sources of proof—are in the transferee forum." *Radmax*, 720 F.3d at 290. In sum, the court concludes that Defendants have carried their burden of showing good cause and have demonstrated that a transfer of this case to the San Antonio division of the Western District of Texas is proper for the convenience of parties and witnesses, in the interest of justice. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Opposed Motion to Transfer Venue (Clerk's Doc. No. 19) is **GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk of Court **TRANSFER** the above-styled and numbered cause to the San Antonio division of the United States District Court for the Western District of Texas.

SIGNED this __11th__ day of August, 2014.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE